Per Curiam.

Plaintiff sues on a Louisiana default judgment for services rendered in Louisiana at the instance and request of *374 plaintiff. The essential facta are not in dispute. Defendant is a New York corporation Which has no offices or agents in Louisiana and is not doing business in Louisiana. Plaintiff is a Louisiana resident, who was hired by defendant as an independent contractor to conduct field surveys in Louisiana with respect to a product of one of defendant’s clients. The solicitation and acceptance were effected by mail, with perhaps a few supplementary telephone calls. Plaintiff performed the market reseach and rendered a bill for $785.91. Defendant paid $520.86 and contested the balance, thus giving rise to the Louisiana lawsuit, which resulted in a default judgment in plaintiff’s favor. Jurisdiction was obtained over defendant in that action pursuant to Louisiana’s “ long-arm ” statute (Rev. Stat. of La., § 13:3201). In seeking to enforce the judgment in Civil Court, however, plaintiff relied exclusively on New York decisional law and the similarity in language between the Louisiana law and our own. “ long-arm ” statute (CPLR 302, subd. [a], par. 1). Also relying solely upon New York law, the lower court understandably, determined that the fact pattern presented was insufficient to warrant the exercise of in personam jurisdiction under our “ long-arm ” statute, and denied plaintiff’s motion for summary judgment.
However, we perceive that a determination of the question of the full faith and credit to be afforded this sister State judgment, based upon in personam jurisdiction obtained pursuant to Louisiana’s “ long-arm ” statute, must be made with reference to Louisiana decisional law. When the United States Supreme Court opened the door on assumption of personal jurisdiction over nonresidents (International Shoe Co. v. Washington, 326 U. S. 310; McGee v. International Life Ins. Co., 355 U. S. 220), it remained for the individual States to determine how far each would go in taking advantage of the full jurisdictional potential permissible under the Federal Constitution. New York chose not to exhaust this full potential. (See Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443.) Nevertheless, despite the similarity of language of our ‘ ‘ long-arm ’ ’ statutes, it would appear, from a cursory review of Louisiana decisional law, that Louisiana may be one of those States which has chosen to take the fullest possible advantage of these Supreme Court decisions (see Aucoin v. Hanson, 207 So. 2d 834 [La. App.]; Riverland Hardwood Co. v. Craftsman Hardwood Lbr. Co., 259 La. 635; McMahon, Personal Jurisdiction over Nonresidents, 25 La. L. Rev. 28, 32).
*375 We conclude that, under the Full Faith and Credit Clause, New York is obliged to honor any judgment of a sister State, based upon ‘ ‘ long-arm ’ ’ jurisdiction, which does not offend “ traditional notions of fair play and substantial justice ” and which comports with the jurisdictional limits indicated by McGee v. International Life Ins. Co. (supra), or International Shoe Co. v. Washington (supra), regardless of how New York might resolve the same jurisdictional question, if directly presented.
Since the parties did not give cognizance to the applicability of Louisiana law, it is appropriate to afford them an opportunity to research and fully brief the same to the Civil Court before a final determination of the issue is made herein (see Gevinson v. Kirkeby-Natus Corp., 26 A D 2d 71).
The order should be reversed, without costs, and the matter remanded for further proceedings in accordance herewith.
Concur — Streit, J. P., Gold and Quinn, JJ.
Order reversed, etc.