Quran, J. P.
(dissenting). When the United States Supreme Court opened the door on assumption of personal jurisdiction over nonresidents (International Shoe Co. v. Washington, 326 U. S. 310; McGee v. International Life Ins. Co., 355 U. S. 220), it remained for the individual States to determine how far each would go in taking advantage of the full jurisdictional potential permissible under the Federal Constitution. New York chose not'to exhaust this full potential (see Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443; Lavie v. Marketscope Research Co., 71 Misc 2d 373).
Thus, New York’s “ long arm statute ” (CPLR 302, subd. [a], par. 1) requires that a nondomieiliary must be found to have transacted business in New York “in person or through an agent ” (emphasis supplied) before he comes within reach of our process. This has been held to exclude activities which fall into the category of dealings between nonresident and resident principals, or between a nonresident and a resident, independent contractor.
Plaintiff, in restoring and cleaning defendants’ artistic painting here, was not the purposefully active representative or transactional alter ego for defendants, who never set foot in this State, within the meaning of the word “ agent ” as used in paragraph 1 of subdivision (a) of section 404 of the New York City Civil Court Act (counterpart of CPLR 302, subd. [a], par. 1). Plaintiff was a principal or an independent contractor rendering services here for the out-of-State defendants within the holdings of Glassman v. Hyder (23 N Y 2d 354), Standard Wine & Liq. Co. v. Bombay Spirits Co. (20 N Y 2d 13), McKee Elec. Co. v. Rauland-Borg Corp. (20 N Y 2d 377), and Kramer v. Vogl (17 N Y 2d 27), cited and distinguished in Parke-Bernet Galleries v. Franklyn (26 N Y 2d 13, 19, n. 2).
The order should be reversed with $10 costs to appellants and the complaint dismissed.
Ltjpiano and Fran, JJ., concur in Per Curiam opinion; Quran, J. P., dissents in memorandum.
Order affirmed, etc.